

Frank L. Kurtz
Bankruptcy Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

16
17 IN RE:

18

19 KEELER'S MEDICAL SUPPLY,
20 INC.,

21

22                    Debtor.

23
24
25

Case No.  17-01849-FLK11

**FINDINGS OF FACT & CONCLUSIONS OF LAW RE: CONFIRMATION OF CHAPTER 11 PLAN**

26
27
28        This matter came on for hearing on November 20, 2018 on the request

29

30 of Keeler's Medical Supply, Inc., for confirmation of the Debtors' proposed

31

32 Plan of Reorganization **("Plan")** (Docket No. 130).    The Court has

33
34

**BAILEY BB BUSEY**

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**                    -1-

considered the Declaration of Charles Vetsch as well as any testimony elicited or proffered without objection at the confirmation hearing. The only creditor or party in interest that filed an objection to confirmation of the Plan was the Internal Revenue Service. The Internal Revenue Service has withdrawn its objection, as evidenced by the signature of its counsel on the Order Confirming the Debtor's Chapter 11 Plan (subject to the provisions contained in said confirmation order). Based upon the evidence, the Court hereby finds and concludes as follows:

*I.     Findings of Fact*

1.      The Debtors gave proper notice of their Plan and the hearing on confirmation of the Plan to creditors and parties in interest as required by FRBP 2002, LBR 2002-1 and LBR 3018-1 as well as other applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

2.      The following classes of claims are impaired under the Plan:

| | |
|---|---|
| Class 2: | Priority Tax Claims |
| Class 3: | Priority Wage Claims |
| Class 4: | Secured Claim of the Internal Revenue Service |
| Class 5: | Secured Claim of Yakima County |
| Class 6: | Unsecured Claims |



**FINDINGS OF FACT &
CONCLUSIONS OF LAW**          -2-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

3.      The Debtors have properly filed a Report of Balloting and Ballot Summary in each of their cases.  The Report of Balloting and Ballot Summaries indicate that:

      3.1      Class 2 did not vote for or against the Plan.

      3.2      Class 3 has voted against the Plan.

      3.3      Class 4 did not vote for or against the Plan but has consented to confirmation of the Plan.

      3.4      Class 5 did not vote for or against the Plan.

      3.5      Class 6 voted in favor of the Plan.

4.      No ballots other than those identified in the Report of Balloting and Balloting Summary have been received by the Debtors.

5.      One Hundred Percent (100%) of the creditors casting votes in Class 6 voted in favor of the Plan.

6.      The Plan has been accepted in writing by at least one non-insider class of impaired creditors, as required by 11 U.S.C. §1129(a)(10).

7.      The Plan complies with all provisions of Title 11 of the United States Code as well as other applicable law.

**BAILEY BB BUSEY**

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**                -3-

8.      No creditor or party in interest, other than the Internal Revenue Service, has objected to confirmation of the Plan.  Pursuant to FRBP 3020(b)(2), the Court finds the Plan has been proposed in good faith and not by any means forbidden by law.

9.      All payments made or promised by the Debtors under the Plan for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court.  No party is issuing securities or acquiring property under the Plan.

10.     The Reorganized Debtor will continue to be owned by the shareholders who owned the Debtor on the Petition Date after confirmation of the Plan.  However, under the Plan the Debtor has liquidated all of its assets and will distribute those assets to creditors under the Plan.  The shareholders of the Debtor will not receive any distributions under the Plan.

11.     After confirmation, the Debtor does not intend to employ any individuals, including insiders.

BAILEY BB BUSEY

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**                    -4-

12. With respect to each impaired class of claims described in the Plan, the Plan will pay such claimants: (a) in the case of Class 4, the amount agreed upon by the Debtor and the Class 4 Claimant; (b) in the case of Class 2, 3 and 5 one hundred percent (100%) of the principal balance of such claims, over time, as more specifically described in the Plan; and (c) with respect to Class 6, such funds as may remain after payment of Claimants in Class 1 – 5, as provided in the Plan.

13. The Debtor have prepared a liquidation analysis, which is attached to the Debtor's approved Disclosure Statement. The liquidation analysis demonstrates that in the event the Debtors were liquidated outside of these proceedings, as opposed to receiving the distributions called for by the Plan, that such creditors in classes 2, 3 and 5 would, more likely than not, receive less than one hundred percent (100%) of the amount of their allowed claims.

14. The Court finds that creditors in Classes 2, 3 and 5 will receive more under the Debtors' Plan than they would receive if the Debtors were liquidated pursuant to the provisions of Chapter 7 of the Bankruptcy Code.

**BAILEY BB BUSEY**

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**                    -5-

15. Administrative Claimants in Class 1 will be paid in cash either: (a) upon the Effective Date of the Plan (unless any particular Claimant agrees upon a different or less favorable treatment); or (b) upon approval of such administrative claimants' fees and costs as required by applicable Bankruptcy law. Such treatment complies with the requirements of 11 U.S.C. §1129(a)(9)(A).

16. Other than Class 1 Administrative Creditors, Class 2 Priority Tax Creditors and Class 3 Priority Wage Claimants, the Debtors do not have any creditors with claims pursuant to 11 U.S.C. §507(a).

17. The Debtors' approved Disclosure Statement describes the Debtors' proposed operations under the Plan. The Debtor's Plan is a liquidation plan. The Debtor does not propose any operations under the Plan other than making the distributions called for by the Plan.

18. Classes 1 and 6 are unimpaired or not entitled to vote on the Plan.

19. The Debtors are current in the payment of the quarterly fees payable to the United States Trustee. The Plan provides for the payment of all United States Trustee fees payable under 28 U.S.C. §1930. To the extent any quarterly fees remain owing upon confirmation, the Debtor shall file such



**FINDINGS OF FACT &**
**CONCLUSIONS OF LAW**                    -6-

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

operating reports as are required and pay such fees within ten (10) days of the Effective Date.

20.    All payments to insiders of the Debtors during the course of the case have been disclosed.

21.    Classes 2, 3 and 5 **("Non-Accepting Classes")** have neither accepted nor rejected the Plan.  As a result, the Plan does not comply with 11 U.S.C. §1129(a)(8).   The Court finds that the treatment of the Non-Accepting Classes under the Plan is fair and equitable for the following reasons:

21.1   The Plan provides that creditors in the Non-Accepting Classes will retain any security which secures such creditors' claims until such claims have been paid in full;

21.2   The Plan provides for the payment of one hundred percent (100%) of the principal amount of such claims in the Non-Accepting Classes over time; and

21.3   The Plan provides for interest payments to holders of claims in the Non-Accepting Classes until such claims have been paid in full in accordance with the terms of the Plan.

**FINDINGS OF FACT &**
**CONCLUSIONS OF LAW**                                  -7-

BAILEY BB BUSEY

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

22.     The Effective Date of the Plan is the day that is fourteen (14) days after the date the order confirming the Plan is entered on the Court's docket.

23.     Substantial Consummation of the Plan will occur upon the making of the first payment to a creditor in Class 2 or 3 according to the terms of the Plan.

## II.     *Conclusions of Law*

Based upon the foregoing findings of fact, the pleadings filed in this case and the testimony and other evidence provided at the confirmation hearing, if any, the Court concludes that:

A.     The requirements for confirmation of the Plan imposed by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and other applicable law, including the requirements of 11 U.S.C. §1129 have been met.

B.     The Plan should be confirmed.

C.     To the extent that the above entered findings of fact are, in fact, conclusions of law, such findings are hereby incorporated into these conclusions of law and should be denominated as such.

BAILEY BB BUSEY

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**     -8-

D.    The provisions of Chapter 11 have been complied with and the Plan has been proposed in good faith and not by means forbidden by law.

E.    Any and all payments for which Bankruptcy Court approval is required, including authorization required by 11 U.S.C. §§327 and 330, shall remain subject to Bankruptcy Court approval notwithstanding confirmation of the Plan.

F.    The Debtors have disclosed the identity and affiliations of all parties who are to serve as officers and directors under the Plan.  The Debtors have disclosed the identity of all insiders who will be paid a salary or consulting fees under the Plan.  The Debtors' disclosures satisfy the requirements of 11 U.S.C. §1129(a)(5).

G.    No governmental regulatory commission is required to approve the Plan or the terms of the Plan.

J.    The Debtors' Plan satisfies the requirements of 11 U.S.C. §1129(a)(7) in that each impaired class that has not accepted the Plan will receive value, as of the Effective Date of the Plan, that is not less than the amount such claimant would receive if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

**BAILEY BB BUSEY**

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**          -9-

K.    The only Classes entitled to vote on the Plan who have not accepted the Plan are the Non-Accepting Classes.  However, the Plan is fair and equitable with respect to the treatment of the Non-Accepting Classes pursuant to 11 U.S.C. §1129(b)(2)(A).  As a result, the Plan can be confirmed notwithstanding the provisions of 11 U.S.C. §1129(a)(8).

L.    Administrative Claims described by 11 U.S.C. §503(b) and 11 U.S.C. §507(a)(2) are provided for as required by 11 U.S.C. §1129(a)(9).

M.    At least one impaired class of claims has accepted the Plan and the Plan therefore meets the requirements of 11 U.S.C. §1129(a)(10).

N.    Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors.

O.    The Effective Date of the Plan will be the date that is fourteen (14) days following entry of the order of confirmation on the Court's docket.

P.    The Debtors are authorized and directed to begin consummation of the Plan on the Effective Date, including through the execution, ratification, and implementation of all loan and security documents authorized or contemplated by the Plan.

**BAILEY** ℬℬ **BUSEY**

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**                    -10-

Q.    Substantial Consummation of the Plan will occur upon the making of the first payment to a creditor in Class 2 or Class 3 according to the terms of the Plan.

R.    Creditors and parties in interest were given proper notice of the confirmation hearing.

S.    The Objection to confirmation of the Plan filed by the Internal Revenue Service was addressed by the Debtors adding the following language to order confirming the Plan, which order has been agreed to by the Internal Revenue Service:

5.1    The Plan contemplates that the Debtor will file an objection to the IRS Proof of Claim and that distributions to the IRS under the Plan will be based upon the Court's resolution of the claims litigation or alternately upon agreement of the Debtor and the IRS.

5.2    The Debtor and the IRS have agreed that the IRS will accept the sum of $570,991.79 (which is the principal balance of the IRS Class 4 Claim) as its sole payment under the Plan. The Debtor shall pay the IRS the sum of $570,991.79, from funds held by the Debtor, no later than thirty (30) days from the Effective Date. This sum shall constitute the Class 4 Distribution called for by paragraph 6.02 of the Plan.

5.3    In addition to the Class 4 Distribution, Vetsch Investments, LLC, which owns the real property located at 2001 West Lincoln Avenue shall distribute $100,000.00 to the



411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

IRS within twenty-four (24) months of the Effective Date. The proceeds shall be paid to the IRS from the sale of the Lincoln Property **("Secondary IRS Payment")**. The Secondary IRS Payment shall be in addition to the amounts Vetsch Investments has agreed to make available for Class 2 and Class 3 creditors under the Plan.

5.4   Upon making the Class 4 Distribution the IRS shall place any additional taxes owed by the Debtor and any taxes assessed individually against Charles & Cherie Vetsch (to the extent such taxes resulted from the non-payment of taxes by the Debtor)(collectively **"Set Aside Taxes"**) in an uncollectable status. No collection activity shall be taken on the Set Aside Taxes against either the Debtor or Mr. & Mrs. Vetsch so long as the IRS receives the Secondary IRS Payment within twenty-four (24) months of the Effective Date. If the IRS does not receive the Secondary IRS Payment within twenty-four (24) months, the IRS shall be free to take such additional collection activity as is allowed by applicable non-bankruptcy law. If the Debtor substantially defaults on the plan payments due to the IRS, the outstanding balance is immediately due and payable. Payment shall be for the entire amount owed to the IRS under the plan. The IRS may collect these unpaid tax liabilities through the administrative collection provisions of the Internal Revenue Code.

**[Intentionally Left Blank]**



411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &
CONCLUSIONS OF LAW**                    -12-

T.       With the addition of the language described in paragraph S, above, the objection to confirmation of the Internal Revenue Service is hereby withdrawn.


/     /     /      End of Order     /     /     /


Presented By:


_____/s/ Roger W. Bailey_____
ROGER W. BAILEY (WSBA 26121)
JOSHUA J. BUSEY (WSBA 34312)
Bailey & Busey PLLC
Counsel for Keeler's Medical Supply, Inc.

\\Diane-pc1\e\USB 3.0 PC Card Adapter\KEELERS MEDICAL SUPPLY-416\Bankruptcy-2017002\Plan\Findings of Fact - 112018.doc

**BAILEY** B B **BUSEY**

411 North 2nd St.
Yakima, Washington, 98901
(509) 248-4282

**FINDINGS OF FACT &**
**CONCLUSIONS OF LAW**       -13-